**IN THE**

# United States Court of Appeals
## for the Fifth Circuit

DAVID CRUSON; JOHN DENMAN,

*Plaintiffs-Appellees*,

v.

JACKSON NATIONAL LIFE INSURANCE COMPANY,

*Defendant-Appellant*,

On Rule 23(f) Appeal the Rule 23 certification by United States District Court for the Eastern District of Texas, Case No. 4:16-CV-912-LM (Mazzant, J.)

## RECORD EXCERPTS OF APPELLEES

Lewis T. LeClair.
Rudolph "Rudy" Fink IV
MCKOOL SMITH, P.C.
300 Crescent Court, Ste. 1500
Dallas, TX 75201
(214) 978-4000
(214) 978-4044 (Fax)

Gary D. Corley
CORLEY LAW FIRM
108 North Travis Street
Sherman, Texas 75090
(903) 892-1048
(214) 260-4925 (Fax)

**Counsel for Appellees**

# TABLE OF CONTENTS

**Optional Record Excerpts:**

**Stipulations of Appellant-Jackson (ROA.2098-2100) ..... Tab 1**

**Joint Report of Attorney Conference**

    **(ROA.339-340; ROA.350) ............................................... Tab 2**

**Class Action Complaint (ROA.25; ROA.31; ROA.37-43) .. Tab 3**

**Defendant's Motion to Dismiss (ROA.55; ROA.61) .......... Tab 4**

**Defendants Motion to Dismiss Amended Class Action Complaint**

    **(ROA.408; ROA.416) ....................................................... Tab 5**

**Defendants Response to Plaintiffs' Opposed Motion for Class**

    **Certification and Appointment of Class Counsel**

    **(ROA.2288; ROA.2318) ................................................... Tab 6**

**Defendant's Sur-Reply For Class Certification**

    **(ROA.4974; ROA.4986-87) ............................................. Tab 7**

**Exhibit G to Sealed Response to Motion re Opposed Sealed**

**Motion for**

    **Class Certification and Appointment of Class Counsel**

    **(ROA.2557-564) ............................................................. Tab 8**

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2018, a copy of this document was served on the following persons via the Fifth Circuit's electronic filing system:

William R. Peterson
David J. Levy
Adam A. Allgood
Thomas R. Davis
Jason F. Muriby
MORGAN, LEWIS & BOCKIUS LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Scott T. Schutte
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Suite 500
Chicago, IL 60601
(312) 324-1000 Telephone
(312) 324-1001 Facsimile

*/s/ Lewis T. LeClair*
Lewis T. LeClair

# TAB 1

**SEALED MATERIAL REMOVED**

# TAB 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **RICHARD AND EILEEN TREDINNICK, IRWIN AND RUTH SEARS, DAVID CRUSON, JAMES R. GLENN, SUZANNE HOUSEWRIGHT, JEFFREY R. AND KAREN T. MILLER, DALE AND JANICE MORRIS, BILLY AND KAREN WALKER, AND RONALD L. WYATT,** | **Case No.  4:16CV912** |
| | **JUDGE MAZZANT** |
| **Plaintiffs,** | |
| **v.** | **JURY TRIAL** |
| **JACKSON NATIONAL LIFE INSURANCE CO.,** | |
| **Defendant.** | |

## JOINT REPORT OF ATTORNEY CONFERENCE

Pursuant to the Court's Order Governing Proceeding (Dkt. No. 8), Plaintiffs and Defendant, held a telephonic Fed. R. Civ. P. Rule 26(f) conference on March 1, 2017.  As ordered, the parties hereby jointly report as follows:

**1.   A brief factual and legal synopsis of the case.**

This case is a national class action matter that asks whether Defendant, in administering variable annuity contracts, improperly assessed "surrender charges" on Plaintiffs.  Generally speaking, a "surrender charge" is a charge for withdrawing money from an annuity within a certain period of time.

Plaintiffs are individuals who each, either individually or with their spouse, purchased a variable annuity from Defendant.  Defendant is a Michigan-based insurance company that, either directly or through a subsidiary, is licensed to transact insurance throughout the United States.

18-40605.339

Plaintiffs plead that Defendant uniformly violated the terms and conditions of its variable annuity contracts by assessing surrender charges on both the amount withdrawn and the surrender charge itself.  According to Plaintiffs, this surrender charge calculation caused both a direct loss—by being improperly high—and an ongoing loss of benefits—by improperly depleting the principal of annuities.  Plaintiffs contend that Defendant's actions breached the annuity contracts, breached its fiduciary duties, and negligently misrepresented how surrender charges were assessed.  Plaintiffs further contend that Defendant's actions harmed individuals in a way that makes this case suitable for determination as a national class action and seek damages and injunctive relief on behalf of their class.

First, Defendant contends that this case should not be adjudicated as a class action and that Defendant complied with their contractual obligations.  Further, Plaintiffs fail to identify any legally-recognized fiduciary duty that Jackson National owed to Plaintiffs.  Third, Plaintiffs' negligent misrepresentation claim is barred by the economic loss rule since it relies on a theory identical to its breach of contract claim.  Fourth, Plaintiffs do not allege with sufficient specificity the negligent misrepresentations that Jackson National supposedly made to Plaintiffs, thus barring any residual claim for injunctive relief.  Finally, Plaintiffs Dale and Janice Morris and Ronald L. Wyatt have not identified any claimed injury.  As such, this Court does not have subject matter jurisdiction over their claims because any injury-in-fact is purely speculative.

## 2.  The jurisdictional basis of the case.

Plaintiffs assert that this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  This Court has personal jurisdiction over Defendant because Defendant is doing business in the State of Texas and is licensed in Texas.  Furthermore, the aggregate amount in controversy for this class action exceeds $5,000,000, and, on information and belief, less than one-third of all Class Members reside in the State of Texas.

18-40605.340

Dated: March 15, 2017

/s/  David J. Levy
David J. Levy, Lead Attorney
State Bar No. 12264850
david.levy@morganlewis.com
Adam A. Allgood
State Bar No. 24059403
adam.allgood@morganlewis.com
**Morgan, Lewis & Bockius LLP**
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Scott T. Schutte
(to be admitted pro hac vice)
scott.schutte@morganlewis.com
**Morgan, Lewis & Bockius LLP**
77 West Wacker Drive, Suite 500
Chicago, IL 60601
(312) 324-1000 Telephone
(312) 324-1001 Facsimile

ATTORNEYS FOR DEFENDANT
JACKSON NATIONAL LIFE
INSURANCE CO.

/s/  Lewis T. LeClair
Lewis T. LeClair, lead attorney
Texas State Bar No. 12072500
lleclair@mckoolsmith.com
Rudolph "Rudy" Fink IV
rfink@ mckoolsmith.com
Texas State Bar No. 24082997
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Gary D. Corley
Texas State Bar No. 04823800
garycorley@gcorleylaw.com
**Corley Law Firm**
108 North Travis Street
Sherman, Texas 75090
Telephone: (903) 892-1048
Telecopier: (214) 260-4925

ATTORNEYS FOR PLAINTIFFS
RICHARD AND EILEEN TREDINNICK,
IRWIN AND RUTH SEARS, DAVID
CRUSON, JAMES R. GLENN, SUZANNE
HOUSEWRIGHT, JEFFREY R. AND
KAREN T. MILLER, DALE AND JANICE
MORRIS, BILLY AND KAREN WALKER,
AND RONALD L. WYATT

# TAB 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **RICHARD AND EILEEN TREDINNICK, IRWIN AND RUTH SEARS, DAVID CRUSON, JAMES R. GLENN, SUZANNE HOUSEWRIGHT, JEFFREY R. AND KAREN T. MILLER, DALE AND JANICE MORRIS, BILLY AND CAROLYN WALKER, AND RONALD L. WYATT** | **Civil Action No.  4:16-CV-912** |
| **Plaintiff,** | |
| **v.** | |
| **Jackson National LIFE INSURANCE COMPANY** | **JURY TRIAL** |
| **Defendant.** | |

**Class Action Complaint**

18-40605.25

being variable annuities. The Texas Department of Insurance has approved JACKSON NATIONAL variable annuity products for sale in the state of Texas. JACKSON NATIONAL sells variable annuity products around the country, including to residents in the Sherman Division of the Eastern District of Texas.

## FACTUAL BACKGROUND

### Jackson National's Conduct

16.     Plaintiffs bring this nationwide class action on behalf of themselves and other similarly situated variable annuity purchasers to halt and remedy the harm caused by Defendant Jackson National Life Insurance Company's misrepresentation of and systematic breach of its contract provisions in connection with the calculation of surrender charges.

17.     Defendant Jackson National markets and sells its variable annuity products on a national basis primarily through its network of individual sales agents, marketing organizations, third party marketing organizations ("TPMOs") brokerage firms and financial institutions. JACKSON NATIONAL uses four principal distribution channels to effectuate the sale of its variable annuities, which include independent broker/dealers, regional broker/dealers, financial institutions and individual sales agents (collectively referred to herein as "Affiliated Agents").

18.     A large portion of Defendant's annuity business is effectuated through Jackson National's "deal direct" system, wherein individual agents contract with and are appointed by Jackson National to promote and sell Jackson National products, including variable annuities.

19.     Defendant also utilizes marketing organizations and/or brokerage firms that hire and manage groups of independent sales agents on behalf of Jackson National, who are trained to sell Jackson National variable annuity products.

CLASS ACTION COMPLAINT-Page 7

*surrender charge*. By doing so, Jackson National violates the plain language of the contract that it has written, and acts contrary to the explanation and example put forth by the SEC for the benefit of consumers. Such improper conduct should be prohibited and all past and current contract holders should be compensated for the excess surrender charges that have been imposed.

36.     The harm suffered by variable annuity contract holders is not limited just to the amount of the improper surrender charge. Each imposition of an improper surrender charge results in a reduction in the living  benefits payable to that contract holder over time. Also, each imposition on an improper surrender charge results in a reduction in the death benefits payable to that contract holder's beneficiary. Thus, the harm caused by Jackson National is compounded over time and should be fully reimbursed to all past and current contract holders.

## CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs bring this action individually and on behalf of all similarly situated persons as the Court may determine to be appropriate for class certification treatment, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b). Plaintiffs seek to represent a nationwide class.

<u>The Nationwide Surrender Charge Class</u>

38.     The proposed Nationwide Surrender Charge Class is defined as follows:

All persons who, within the applicable statute of limitations, purchased a Perspective family series, Elite Access series, or Retirement Latitudes series of variable annuity products from Jackson National Life Insurance Company or its affiliates, and incurred a surrender charge during their ownership of such product ("Nationwide Surrender Charge Class");

18-40605.37

39.     The Nationwide Surrender Charge Class is reasonably estimated to be in the thousands or tens of thousands and is thus so numerous that joinder of all its members is impracticable. The precise number of class members and their addresses are unknown to Plaintiffs, but can be ascertained through Defendant's records. Class Members may be notified of the pendency of this action by mailing, publication or other notice.

40.     There is a well-defined community of interest in the relevant questions of law and fact affecting the putative Nationwide Surrender Charge Class members concerning the breaches of contract and the uniform application of surrender charges in violation of the contract provisions.

41.     Common questions of law and fact predominate over any individual questions affecting Nationwide Surrender Charge Class members, including, but not limited to, the following:

- Whether Defendant violated the provisions of the variable annuity contracts in the way in which it assessed surrender charges;

- Whether Defendant is liable for the excess surrender charges that it has imposed;

- Whether Defendant has harmed the members of the class in connection with living benefits;

- Whether Defendant has harmed members of the class in connection with death benefits;

- Whether Plaintiffs and members of the Nationwide Surrender Charge Class have sustained damages;

- Whether Plaintiffs and the Nationwide Surrender Charge Class are entitled to damages;

42.     Common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to, the specific amount of damages that each Plaintiff or class member has suffered.

CLASS ACTION COMPLAINT-Page 14

18-40605.38

43.     With respect to each putative class, Plaintiffs' claims are typical of those of the absent class members. If brought and prosecuted individually, the claims of each class member would require proof of many of the same material and substantive facts, rely upon the same remedial theories and seek the same relief.

44.     Plaintiffs will fairly and adequately protect the interests of the classes and have no interests adverse to or that directly and irrevocably conflict with the interests of other class members.

45.     Plaintiffs are willing and prepared to serve the Court and the putative classes in a representative capacity with all of the obligations and duties material thereto.

46.     Plaintiffs have retained the services of counsel who are experienced in complex class action litigation. Plaintiffs' counsel will adequately prosecute this action, and will otherwise assert, protect and fairly and adequately represent Plaintiffs and all absent class members.

47.     Class certification is appropriate under F.R.C. P. 23(b)(1), in that the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications on the same essential  facts, proof and legal theories would also create and allow the existence of inconsistent and incompatible rights within the classes.

48.     Class certification is appropriate under F.R.C.P. 23(b)(3), in that common questions of law and fact predominate over any questions affecting only individual class members.

18-40605.39

49.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

a) individual claims by the class members would be impracticable as the costs of pursuit would far exceed what any one class member has at stake;

b) little individual litigation has been commenced over the controversies alleged in this Complaint, and individual class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d) the proposed class action is manageable.

50.     Excluded from the Class are Defendants, Defendants' officers and directors, those persons' immediate families, and the successors and predecessors of any such excluded person or entity.

The Nationwide Injunctive Surrender Charge Class

51.     The proposed Nationwide Injunctive Surrender Charge Class is defined as follows:

All persons who, within the applicable statute of limitations, purchased a Perspective family series, Elite Access series, or Retirement Latitudes series of variable annuity products from Jackson National Life Insurance Company or its affiliates ("Nationwide Injunctive Surrender Charge Class");

52.     The Nationwide Injunctive Surrender Charge Class is reasonably estimated to be in the thousands or tens of thousands and is thus so numerous that joinder of all its members is impracticable. The precise number of class members and their addresses are unknown to

18-40605.40

Plaintiffs, but can be ascertained through Defendant's records. Class Members may be notified of the pendency of this action by mailing, publication or other notice.

53.     There is a well-defined community of interest in the relevant questions of law and fact affecting the putative Nationwide Injunctive Surrender Charge Class members concerning the breaches of contract and the uniform application of surrender charges in violation of the contract provisions.

54.     Common questions of law and fact predominate over any individual questions affecting Nationwide Injunctive Surrender Charge Class members, including, but not limited to, the following:

- Whether Defendant has misrepresented the provisions of the variable annuity contracts in the way in which it assessed surrender charges;

- Whether Defendants marketing materials, including the Prospectus for each variable annuity product, misrepresent the way in which Jackson National will assess Surrender Charges

- Whether  Defendant's Affiliated Agents are disseminating false information about the manner in which Surrender Charges are imposed

- Whether declaratory or injunctive relief should be granted to stop the offending conduct

55.     Common questions of law and fact predominate over any individual questions affecting Class members, including, but not limited to, the specific and uniform way that Defendant has represented the calculation of Surrender Charges and the way in which Defendant has imposed Surrender Charges.

56.     With respect to each putative class, Plaintiffs' claims are typical of those of the absent class members. If brought and prosecuted individually, the claims of each class member

18-40605.41

would require proof of many of the same material and substantive facts, rely upon the same remedial theories and seek the same relief.

57.     Plaintiffs will fairly and adequately protect the interests of the classes and have no interests adverse to or that directly and irrevocably conflict with the interests of other class members.

58.     Plaintiffs are willing and prepared to serve the Court and the putative classes in a representative capacity with all of the obligations and duties material thereto.

59.     Plaintiffs have retained the services of counsel who are experienced in complex class action litigation. Plaintiffs' counsel will adequately prosecute this action, and will otherwise assert, protect and fairly and adequately represent Plaintiffs and all absent class members.

60.     Class certification is appropriate under F.R.C. P. 23(b)(1), in that the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications on the same essential facts, proof and legal theories would also create and allow the existence of inconsistent and incompatible rights within the classes.

61.     Class certification is appropriate under F.R.C.P. 23(b)(2), in that Defendant has acted  or refused to act on grounds generally applicable to each class, making final declaratory, injunctive  or other relief appropriate.

62.     Class certification is appropriate under F.R.C.P. 23(b)(3), in that common questions of law and fact predominate over any questions affecting only individual class members.

18-40605.42

63.     Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint because:

a)  individual claims by the class members would be impracticable as the costs of pursuit would far exceed what any one class member has at stake;

b)  little individual litigation has been commenced over the controversies alleged in this Complaint, and individual class members are unlikely to have an interest in separately prosecuting and controlling individual actions;

c)  the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy; and

d)  the proposed class action is manageable.

64.     Excluded from the Class are Defendants, Defendants' officers and directors, those persons' immediate families, and the successors and predecessors of any such excluded person or entity.

**COUNT ONE**

**Breach of Contract**

65.     Plaintiffs repeat and reallege each and every allegation contained above as if fully set forth herein.

66.     Jackson National's assessment of surrender charges was done consistently and uniformly in a manner contrary to the terms and conditions of the applicable contracts. In particular, Jackson National's assessment of a surrender charge on a surrender charge was a violation of the variable annuity contracts issued by Jackson National.

67.     Jackson National's actions in violation of the variable annuity contracts were done intentionally or recklessly.

18-40605.43

# TAB 4

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD AND EILEEN TREDINNICK, IRWIN AND RUTH SEARS, DAVID CRUSON, JAMES R. GLENN, SUZANNE HOUSEWRIGHT, JEFFREY R. AND KAREN T. MILLER, DALE AND JANICE MORRIS, BILLY AND CAROLYN WALKER, AND RONALD L. WYATT | § § § § § § § | Civil Action No. 4:16-CV-912-ALM |
| *Plaintiff,* | § § | |
| v. | § § | |
| JACKSON NATIONAL LIFE INSURANCE COMPANY | § § § | JURY TRIAL |
| *Defendant.* | § § | |

## DEFENDANT JACKSON NATIONAL LIFE INSURANCE COMPANY'S
## MOTION TO DISMISS UNDER RULE 12(B)(6) AND RULE 12(B)(1)

MORGAN, LEWIS & BOCKIUS LLP

David J. Levy, Lead Attorney
State Bar No. 12264850
*david.levy@morganlewis.com*
Adam A. Allgood
State Bar No. 24059403
*adam.allgood@morganlewis.com*

1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Scott T. Schutte
(to be admitted *pro hac vice*)
scott.schutte@morganlewis.com

77 West Wacker Drive, Suite 500
Chicago, IL 60601
(312) 324-1000 Telephone
(312) 324-1001 Facsimile

*Attorneys for Defendant Jackson National Life Insurance Company*

18-40605.55

Accordingly, the Complaint should be dismissed in its entirety as a matter of law.

## II.  <u>BACKGROUND</u>

Jackson National is a life insurance company that provides retirement income and savings products, including variable annuities.  (Compl. ¶ 15.)[1]  Jackson National markets its products to customers throughout the United States.  (*Id.* at ¶ 20.)  When a consumer withdraws money from a variable annuity within a certain period after a purchase payment, Jackson National (and insurance companies generally) assess a surrender charge, depending on, among other things, the terms of the annuity contract.  (*Id.* at ¶ 31.)  During the period of 2009-2014, Plaintiffs purchased variable annuities from Jackson National.  (*Id.* at ¶¶ 6-14.)  Some of the Plaintiffs[2] have since submitted withdrawal requests that were subject to surrender charges.  (*Id.* at ¶¶ 6-11, 13.)

On November 29, 2016, Plaintiffs filed a Putative Class Action Complaint on behalf of a putative nationwide class alleging: (1) breach of contract, (2) breach of fiduciary duty, and (3) negligent misrepresentation.  As a basis for all three of their alleged causes of action, Plaintiffs allege that "[b]y virtue of the methodology employed, Jackson National" is "assessing a surrender charge on the surrender charge" and that doing so "violates the plain language of the contract…."  (*Id.* at ¶¶ 35, 66.)  Importantly, Plaintiff does not specify how Jackson National is improperly assessing surrender charges, what the correct methodology would have been, what the alleged improper "methodology" was, or how it violated any specific "plain language" or terms in the annuity contracts.  In fact, while Plaintiffs identify the surrender charges that some of the Plaintiffs allegedly incurred, they do not identify what the net or gross withdrawal amounts were that were subject to surrender charges, what the surrender charge formula was or

---

[1] Citations to the Complaint are for this Court's reference, and do not constitute admissions of allegations in the relevant paragraphs beyond statements affirmatively made in this Motion.

[2] Plaintiffs Dale and Janice Morris and Ronald L. Wyatt do not allege that they have incurred any surrender charges. (Compl. ¶¶ 12, 14.)

18-40605.61

# TAB 5

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| RICHARD AND EILEEN TREDINNICK, IRWIN AND RUTH SEARS, DAVID CRUSON, JAMES R. GLENN, SUZANNE HOUSEWRIGHT, JEFFREY R. AND KAREN T. MILLER, DALE AND JANICE MORRIS, BILLY AND CAROLYN WALKER, AND RONALD L. WYATT | § § § § § § § | |
| | § | Civil Action No. 4:16-CV-912-ALM |
| *Plaintiff*, | § § | |
| v. | § | |
| JACKSON NATIONAL LIFE INSURANCE COMPANY | § § § | JURY TRIAL |
| *Defendant*. | § § | |

**DEFENDANT JACKSON NATIONAL LIFE INSURANCE COMPANY'S
MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT
UNDER RULE 12(B)(6) AND RULE 12(B)(1)**

MORGAN, LEWIS & BOCKIUS LLP

David J. Levy, Lead Attorney
State Bar No. 12264850
*david.levy@morganlewis.com*
Adam A. Allgood
State Bar No. 24059403
*adam.allgood@morganlewis.com*

1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 Telephone
(713) 890-5001 Facsimile

Scott T. Schutte
(*pro hac vice*)
scott.schutte@morganlewis.com

77 West Wacker Drive, Suite 500
Chicago, IL 60601
(312) 324-1000 Telephone
(312) 324-1001 Facsimile

*Attorneys for Defendant Jackson National
Life Insurance Company*

18-40605.408

| Example 1 | |
|---|---|
| **10/1/2010** : Contract Issue Date | |
| $100,000.00 : Premium | |
| 4.00% : Contract Enhancement Percentage | |
| $4,000.00 : Contract Enhancement (Premium ($100,000) multiplied by the Contract Enhancement Percentage (4.00%)) | |
| 6.00% : Withdrawal Charge Percentage for Completed Year 3-4 (WC%) | |
| 2.50% : Recapture Charge Percentage for Completed Year 3-4 (RC%) | |
| 5.50% : Hypothetical Net Return | |

| At end of Year 4 | |
|---|---|
| **9/30/2014** | |
| $128,837.76 : Contract Value at end of Year 4 | |
| $100,000.00 : Net Withdrawal Amount (The amount requested to be sent.) | |
| $28,837.76 : Earnings (Contract Value ($128,837.76) less Premium ($100,000)), which are presumed to be withdrawn first and without charges. | |
| $71,162.24 : Net Withdrawal Amount requested ($100,000) minus Earnings ($28,837.76). | |
| $77,772.94 : Corresponding Premium. The amount to which the appropriate recapture charge percentage and withdrawal charge percentage are applied. This amount is determined by multiplying the Net Withdrawal Amount requested minus Earnings ($71,162.24) by a factor determined by the percentage amounts of the applicable charges. It is the actual amount of premium that will need to be withdrawn to send the Contract Owner the Net Withdrawal Amount and apply the remainder to pay the charges to us. In this example, the corresponding premium is specifically calculated as follows: $71,162.24 X (1/[1 − (6.00% + 2.50%)]) = $77,772.94. In this calculation, the 6.00% represents the WC%, and the 2.50% represents the RC%. | |
| $100,000.00 : Net Withdrawal Amount | |
| $4,666.38 : Withdrawal Charge: $77,772.94 multiplied by WC% (6.00%) | |
| $1,944.32 : Recapture Charge: $77,772.94 multiplied by RC% (2.50%) | |
| $106,610.70 : Total Withdrawal Amount (Net Withdrawal requested ($100,000.00) plus the Withdrawal Charge ($4,666.38) and the Recapture Charge ($1,944.32) that is imposed on the withdrawal of premium) which is the total amount deducted from the Contract Value | |
| $22,227.06 : Contract Value after Total Withdrawal ($128,837.76 less $106,610.70) | |

On November 29, 2016, Plaintiffs filed a Putative Class Action Complaint on behalf of a putative nationwide class. (Docket Entry No. 1.) After Jackson National filed a motion to dismiss the original complaint (Docket Entry No. 5), Plaintiffs filed an Amended [Putative] Class Action Complaint on March 10, 2017, alleging: (1) breach of contract, (2) breach of fiduciary duty, (3) negligent misrepresentation, and (4) injunctive relief. (Docket Entry No. 10.) As a basis for all four of their alleged causes of action, Plaintiffs allege that "[b]y virtue of the methodology employed, Jackson National" is "assessing a surrender charge on the surrender charge" and that doing so "violates the plain language of the contract. . . ." (*Id.* at ¶¶ 35.) In their Amended Complaint, Plaintiffs allege that Jackson National is performing an additional

4

# TAB 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD AND EILEEN TREDINNICK, IRWIN AND RUTH SEARS, DAVID CRUSON, JAMES R. GLENN, SUZANNE HOUSEWRIGHT, JEFFREY R. AND KAREN T. MILLER, DALE AND JANICE MORRIS, BILLY AND CAROLYN WALKER, AND RONALD L. WYATT | § § § § § § § § § | Civil Action No. 4:16-CV-912-ALM |
| *Plaintiff*, | § § | |
| v. | § § | JURY TRIAL |
| JACKSON NATIONAL LIFE INSURANCE COMPANY | § § § | |
| *Defendant*. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' OPPOSED MOTION FOR CLASS
CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

**FILED UNDER SEAL**

18-40605.2288

Plaintiffs may not "shoehorn [their] damages action into the Rule 23(b)(2) framework." *Bolin*, 231 F.3d at 976; *see also, e.g.*, *Tolbert v. RBC Capital Markets Corp.*, No. CV H-11-0107, 2016 WL 3034497, at *8 (S.D. Tex. May 26, 2016) ("Each class member's recovery would be based on the amount forfeited from his or her account, and would, by necessity, require individual damages calculations. This runs afoul of *Dukes* prohibition of individualized damage awards [under Rule 23(b)(2)].").  Certification under Rule 23(b)(2) therefore must be denied.

### E. This Court <u>cannot</u> certify a non-Texas class because this Court lacks personal jurisdiction over non-Texans' claims against Jackson

A class of non-Texas residents would be improper, because Jackson is not subject to general personal jurisdiction in Texas and non-Texas putative class members cannot establish specific personal jurisdiction over Jackson merely because the named Plaintiffs are from Texas. A federal court sitting in diversity (as here) may only exercise personal jurisdiction over a non-resident defendant to the extent permitted by the state's long arm statute and if doing so is within the limits of due process.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009).  Due process requires (1) that the plaintiff make a *prima facie* showing that the defendant has the requisite minimum contacts with the forum state; and (2) that requiring the defendant to submit to jurisdiction would not infringe traditional notions of fair play and substantial justice.  *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013).  Personal jurisdiction may be established through general jurisdiction or specific jurisdiction.  *Id.*

General jurisdiction requires a showing "that defendant's contacts are 'continuous and systematic,' so that the exercise of jurisdiction is proper irrespective of the claim's relationship to the defendant's contact with the forum."  *Id.* (citation omitted).  The paradigm bases for general jurisdiction over a corporation are its place of incorporation or its principal place of business. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760-61 (2014) (rejecting the notion that a corporation is

18-40605.2318

**TAB 7**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| RICHARD AND EILEEN TREDINNICK, IRWIN AND RUTH SEARS, DAVID CRUSON, JAMES R. GLENN, SUZANNE HOUSEWRIGHT, JEFFREY R. AND KAREN T. MILLER, DALE AND JANICE MORRIS, BILLY AND CAROLYN WALKER, AND RONALD L. WYATT | § § § § § § § § § | |
| | § | Civil Action No. 4:16-CV-912-ALM |
| *Plaintiffs*, | § § | |
| v. | § § § | JURY TRIAL |
| JACKSON NATIONAL LIFE INSURANCE COMPANY | § § § | |
| *Defendant*. | § | |

**DEFENDANT'S SUR-REPLY IN RESPONSE TO PLAINTIFFS' OPPOSED MOTION
FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL**

**FILED UNDER SEAL**

18-40605.4974

related complications, the prejudice of class certification to Jackson, the novelty of Plaintiffs' legal theories, and the ability to recover attorney's fees, if successful, class certification is **not** the **superior** method to adjudicate these claims.

### C.  Plaintiffs' claims cannot be certified as a class under Rule 23(b)(2)

Plaintiffs are still unclear as to whether they also seek to recover damages under a Rule 23(b)(2) class.  *Compare* Mot. at 22 ("damages calculations would be 'incidental' [to the injunctive relief]"), *with* Reply at 9 ("Plaintiffs have previously addressed these [damages] issues.  To be clear, the injunctive relief class does not seek personalized determinations…..").  To the extent Plaintiffs seek (b)(2) certification as a back door to the damages they have pled—*i.e.*, individual actual damages—certification under Rule 23(b)(2) is improper.  *See Dukes*, 564 U.S. at 360–61 ("[Rule 23(b)(2)] does not authorize class certification when each class member would be entitled to an individualized award of monetary damages," versus an incidental or group remedy).

### D.  This Court would not have personal jurisdiction over non-resident <u>putative</u> class members' claims and Jackson has not waived that objection

Jackson has not waived any personal jurisdiction objection with regard to claims of non-resident putative class members because none were before this Court at the time Jackson filed its first Rule 12(b) motions, nor are they before this Court now.  *See Smith v. Bayer Corp.*, 564 U.S. 299, 313 (2011) ("[A]s the dissent in Devlin noted, no one in that case was 'willing to advance the novel and surely erroneous argument that a nonnamed class member is a party to the class-action litigation before the class is certified.'") (quoting *Devlin v. Scardelletti*, 536 U.S. 1, 16 n.1 (2002) (Scalia, J., dissenting)).  Putative class members are not within a court's power until *after* certification.  *See In re Checking Account Overdraft Litig.*, 780 F.3d 1031, 1037 (11th Cir. 2015) ("Certification of a class is the critical act which reifies the unnamed class members and, critically, renders them subject to the court's power."); *id.* (holding that district court could not compel

9

18-40605.4986

unnamed putative class members to arbitration prior to class certification).  Thus, it would be improper to dismiss an action based on the scope of the class alleged in the complaint.  *See Robidoux v. Celani*, 987 F.2d 931, 937 (2d Cir. 1993) ("A court is not bound by the class definition proposed in the complaint and should not dismiss the action simply because the complaint seeks to define the class too broadly."), *quoted with approval by In re Monumental*, 365 F.3d at 414 n.7.

Although not required, Jackson raised the issue in its Answer and briefed it as a limit to the scope of the proposed class.  Thus, Jackson has properly preserved its objection to nationwide certification outside its home state.  *Cf. In re Checking Account*, 780 F.3d at 1037.  In addition, the *Bristol-Meyers* decision represented a change in the law coming after Jackson's original motion to dismiss, which provided Jackson a basis to object to nationwide certification that was not previously available; thus, Jackson did not waive that objection under Rule 12(g)(2) or (h)(1).[3] *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 137 S. Ct. 1774 (2017); s*ee, also In re Micron Tech., Inc.*, 875 F.3d 1091, 1094 (Fed. Cir. 2017) ("We conclude that *TC Heartland* changed the controlling law [on venue] in the relevant sense.").

## III.   CONCLUSION AND PRAYER

For the foregoing reasons, Jackson respectfully requests that this Court deny Plaintiffs' Opposed Motion for Class Certification and Appointment of Class Counsel.

---

[3] This Court should also deny Plaintiffs' request for further briefing on the applicability of *Bristol-Meyers* to this case, because Plaintiffs knew about the objection prior to filing their motion for class certification.  Moreover, as recent decisions reveal, the vast majority of courts have found that *Bristol-Meyers* precludes nationwide certification of a diversity-based class action outside the defendant's home state.  *See also, e.g.*, *DeBernardis v. NBTY, Inc.*, No. 17 C 6125, 2018 WL 461228, at * 2 (N.D. Ill. Jan. 18, 2018).

18-40605.4987

# TAB 8

**SEALED MATERIAL REMOVED**